UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:17-CR-70-CHB-HAI-2 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION[1] |
| | ) | |
| KIM MYRICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

On June 8, 2018, Defendant Kim Myrick, through counsel, filed a motion for a psychiatric examination and competency determination. D.E. 78. Following a hearing, the undersigned found that there was reasonable cause to believe that Defendant may be suffering from a mental disease or defect rendering him mentally incompetent, as defined in 18 U.S.C. § 4241(a). D.E. 93. Therefore, upon the required findings, the Court ordered a psychiatric evaluation to determine Defendant's competency. *See id.*; D.E. 98.

Defendant's evaluation occurred at FCI Englewood. All parties had access to the resulting forensic report ("the Report") issued by forensic psychologist Jeremiah Dwyer, Ph.D. D.E. 172. The Report opines that, at the time it was completed, Defendant was "presently competent to proceed." *Id.* at 23. It identified, however, certain cognitive deficits and competency factors that could be impacted by those deficits, leaving those factors to be assessed by the Court. *Id.* at 22-23. After receipt and circulation of the Report, the undersigned conducted a hearing pursuant to

---

[1] The Court issues its decision as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068–69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

18 U.S.C. §§ 4241 and 4247(d) on October 22, 2018. D.E. 202. At that hearing, defense counsel presented the testimony of Dr. Dwyer and requested a continuance of the hearing to assess how to proceed. Defense counsel was later replaced, and replacement counsel filed a motion to approve the hiring of Dr. Dustin Wygant, a psychologist, to further investigate Defendant's competency. The Court approved that request (D.E. 221), and Dr. Wygant subsequently issued his own Forensic Psychological Report. D.E. 264 (the "Wygant Report"). The Wygant Report was provided to counsel for the United States. Dr. Wygant opined that

> Mr. Myrick has a mental defect (intellectual disability) that impacts his ability to assist properly in his own defense. He does appear to have minimal ability to understand the nature and consequences of the proceedings against him. This implies that while he may possess foundational aspects of competency, he appears to lack the rational and decisional capacity often required of defendants in a trial setting.

D.E. 264 at 13. He based this opinion on several limitations he found Defendant suffers from in his ability to assist in his defense.

On April 25, 2019, the Court reconvened the competency hearing. At the outset, counsel indicated that an agreement had been reached concerning Defendant's competency. Counsel for the United States indicated that the Wygant Report had been provided to Dr. Dwyer and that, based upon the Wygant Report and additional information Dr. Dwyer had obtained, Dr. Dwyer now agreed with Dr. Wygant's opinion. In order to develop the record concerning the potential to restore Defendant's competency, the Court heard the testimony of both Dr. Dwyer and Dr. Wygant. Both agreed that treatment should be undertaken to attempt to restore competency.

## FINDING AS TO COMPETENCY

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as

factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure). Ultimately, per § 4241(d), a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple*, 47 F.3d 1170, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise"). However, at the outset of the initial hearing, the defense assumed the burden. D.E. 215 at 6.

The Court has carefully reviewed and considered the Report, the Wygant Report, the evidence presented at the October 22, 2018 hearing, and the additional testimony presented at the reconvened hearing. Based upon that record, the Court recommends that the District Judge find, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

3

and consequences of the proceedings against him or to assist properly in his defense per 18 U.S.C. § 4241(d).

## FURTHER HOSPITALIZATION PURSUANT TO 18 U.S.C. § 4241(d)

In the current posture, hospitalization is required under § 4241(d). Indeed, having found, by a preponderance of the evidence that Defendant is not competent to proceed, § 4241(d) unequivocally states "the court **shall** commit the defendant to the custody of the Attorney General. The Attorney General **shall** hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]" 18 U.S.C. § 4241(d)(1) (emphasis added). Based upon the Court's findings herein, commitment is mandatory under § 4241(d). *See, e.g.*, *United States v. Millard-Grasshorn*, 603 F.3d 492, 494 (8th Cir. 2010); *United States v. Filippi*, 211 F.3d 649, 651 (1st Cir. 2000); *United States v. Donofrio*, 896 F.2d 1301, 1302–03 (11th Cir. 1990); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989); *United States v. Cline*, No. 04-CR-6068L, 2008 WL 4501934, at *1 (W.D.N.Y. Sept. 30, 2008).

Accordingly, the Court **RECOMMENDS** that the District Judge find Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per § 4241(d), and that Defendant be committed to the custody of the Attorney General for treatment at a suitable facility.

Once an appropriate facility designation is made, the undersigned will order that Defendant remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that he will attain the capacity to permit further

proceedings to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). If at any time during Defendant's initial period of commitment, however, the director of the facility determines that Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the Clerk of this Court. *See* 18 U.S.C. § 4241(e). The Court will then proceed pursuant to § 4241(e).

The Court therefore **ORDERS** as follows:

1. A copy of this Recommended Disposition shall be served on the United States Marshal, to communicate with the BOP in order to designate, as soon as practicable (and in no case more than ten days) an appropriate institution where Defendant shall receive appropriate treatment;

2. Once an appropriate facility has been designated, but not later than ten days from entry of this Recommended Disposition, the United States shall file a status report that identifies the institution designated in paragraph 1; and

3. Defendant is not to be transported until the presiding District Judge has acted upon this Recommended Disposition. Once she has, this Court will enter an order governing transportation times. The Court will also set a status conference for the parties by subsequent order.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning the recommendation made above, issued under subsection (B) of the statute. Pursuant to Rule 59(b)(2), any party wishing to object **SHALL** do so by an appropriate filing in the record within **THREE DAYS** after being served with a copy of this recommended disposition. Any party may object to any or all portions of this recommendation for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of April, 2019.



Signed By:
Hanly A. Ingram
United States Magistrate Judge