UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 6:17-CR-070-CHB-02 |
| v. | ) |
| KIM MYRICK, | ) **ORDER ADOPTING RECOMMENDED DISPOSITION ON COMPETENCY** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram [R. 278]. The Recommended Disposition addresses whether Defendant Kim Myrick is competent to proceed to trial pursuant to 18 U.S.C. § 4241 and 4247(d).

After receiving the forensic report by forensic psychologist Dr. Jeremiah Dwyer, Ph.D. [R. 172], Magistrate Judge Ingram conducted a competency hearing on October 22, 2018. [R. 278 at pp. 1-2] Dr. Dwyer's report initially opined that the Defendant was competent, but identified "certain cognitive deficits and competency factors that could be impacted by those deficits, leaving those factors to be assessed by the Court." *Id.* Upon defense counsel's request, the hearing was continued to enable assessment of how to continue. *Id.* at p. 2. After appointment of new defense counsel, a second psychologist, Dr. Dustin Wygant, was hired. *Id.* Dr. Wygant issued a report [R. 264] opining that the defendant has an intellectual disability impacting "his ability to assist properly in his own defense" and that he "appears to lack the rational and decisional capacity often required of defendants in a trial setting." [R. 278 at p. 2]

The competency hearing was reconvened on April 25, 2019; at the hearing, "counsel indicated that an agreement had been reached concerning Defendant's competency," since both psychologists agreed with Dr. Wygant's opinion and further agreed that the defendant should be treated to try and restore his competency. *Id.*

Accordingly, based on the undisputed proof (including the reports from both Dr. Dwyer and Dr. Wygant as well as the evidence and testimony presented at the October 22, 2018 and the April 25, 2019 hearings), the Magistrate Judge recommended that the undersigned find by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id.* at pp 3-4. Such a finding, as Judge Ingram correctly noted, triggers the defendant's mandatory commitment to the custody of the Attorney General for treatment at a suitable facility. *See* 18 U.S.C. § 4241(d). Judge Ingram therefore recommended that the defendant be committed to the custody of the Attorney General for treatment at such a facility and that he remain there for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that the defendant will attain the capacity to permit further proceedings to take place in the foreseeable future. *Id.* at pp. 4-5, *citing* 18 U.S.C. § 4241(d)(1).

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also

barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within three (3) days. [R. 278 at p. 5] The time to file objections has passed, and no party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. *See Id.* at p. 5; Fed. R. Crim P. 59(b). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 278**] is **ADOPTED** as the opinion of this Court.

2. The Court **FINDS** that Defendant Kim Myrick is not competent to face further proceedings in this matter.

3. The Clerk of the Court is **DIRECTED** to provide a copy of this Order to the United States Probation Office and the United States Marshal.

4. The Pretrial Conference currently set for May 7, 2019 is **REMANDED** from the Court's calendar, to be reset by further order.

This the 30th day of April, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY